Board of Mgrs. of the 15 Union Sq. W. Condominium v BCRE 15 Union Sq. West, LLC (2025 NY Slip Op 00784)

Board of Mgrs. of the 15 Union Sq. W. Condominium v BCRE 15 Union Sq. West, LLC

2025 NY Slip Op 00784

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., González, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 162500/15 Appeal No. 3650 Case No. 2024-03420 

[*1]Board of Managers of the 15 Union Square West Condominium, Plaintiff,
v
BCRE 15 Union Square West, LLC, Defendant.
BCRE 15 Union Square West, LLC, Third-Party Plaintiff-Appellant,
v
Perkins Eastman Architects, P.C., Third-Party Defendant-Respondent, Cardona Inc., et al., Third-Party Defendants.

Hoagland Longo Moran Dunst & Doukas, LLP, New York (Joseph A. Petrillo of counsel), for appellant.
Wasserman Grubin & Rodgers, LLP, New York (Douglas J. Lutz of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about April 23, 2024, which granted third-party defendant Perkins Eastman Architects, P.C.'s (Perkins) motion to dismiss the claims asserted against it in the third-party complaint, unanimously modified, on the law, to deny the motion as to the first cause of action for breach of contract to the extent described herein, and otherwise affirmed, without costs.
Section 2.9.1.10 of the parties' architectural services agreement provides that "[a]ll legal causes of action between the parties to this Agreement shall accrue and any applicable statutes of repose or limitation shall begin to run not later than . . . the date of final completion" of the renovation project, which the parties agree was the July 18, 2019 date the final certificate of occupancy was issued. This accrual date is a properly enforceable contractual term that, on its face, applies to the indemnification claims at issue. The motion court properly rejected third-party plaintiff BCRE 15 Union Square West, LLC's (BCRE) argument that despite the plain language to this effect, this accrual provision was not intended to include such claims.
Applying the accrual date of July 18, 2019, plus the additional COVID-19 statute of limitations toll that was applicable, BCRE was required to commence its action asserting claims against Perkins by March 5, 2023. The third-party action was not commenced until April 3, 2023. Thus, the claims were properly dismissed as untimely, except insofar as BCRE's first cause of action for breach of contract includes a claim for indemnification by Perkins for amounts the underlying plaintiff recovers from BCRE resulting from Perkins' design defects that resulted in property damage. That claim is subject to the additional tolling afforded to professional malpractice claims under CPLR 214-d, which, when applied, makes that breach of contract claim for property damages timely filed (see Children's Corner Learning Ctr. v A. Miranda Contr. Corp., 64 AD3d 318, 323 [1st Dept 2009]; Castle Vil. Owners Corp. v Greater N.Y. Mut. Ins. Co., 58 AD3d 178, 182 [1st Dept 2008]). The compensation sought in the complaint includes claims that architectural design defects caused property damages from, among other things, water leaks, and Perkins fails to show that evidence, such as the Physical Condition Survey submitted by plaintiff, refutes as a matter of law any claims of property damage caused by design defects.
While the second cause of action for professional negligence is also not time-barred insofar as it seeks recovery for amounts BCRE pays in the main action based on property damage due to design defects, the court properly dismissed it as duplicative of the breach of contract cause of action that seeks the same recovery. There is no nonconclusory allegation that Perkins, in connection with defective work that resulted in property damages, breached a separate duty of care it owed on the project beyond [*2]what it agreed to in the contract (see 63rd & 3rd NYC LLC v Advanced Contr. Solutions, LLC, 223 AD3d 447, 448 [1st Dept 2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025